IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NANCY BRACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| MRS BPO, LLC D/B/A MRS ASSOCIATES, INC. | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| Defendant. | ) | |

## COMPLAINT

## **INTRODUCTION**

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*

## **JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 153, and 28 U.S.C. § 1331 (federal question jurisdiction). This Court also has jurisdiction for pendant state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ( "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (TCPA), and out of the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in their illegal efforts to collect a consumer debt. This action also

[1]

involves Defendant's invasion of Plaintiff's personal privacy in its illegal and negligent efforts to collect money that was not owed by Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

## PARTIES

5. Plaintiff, Nancy Brackett (hereinafter referred to as "Plaintiff" and/or "Plaintiff"), is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant MRS BPO, LLC (hereinafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation orgianized in New Jersey, with its principal office located at 1930 Olney Avenue, Cherry Hill, NJ08003.

7. Defendant may be served by personal service upon its registered agent, to wit: MRS BPO, LLC, c/o Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, TN 37205.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant was acting as a debt collector, as defined in the FDCPA, as to the delinquent consumer debt it is attempting to collect from the Plaintiff.

10. Defendant alleges that Ms. Brackett incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of

[ 2 ]

the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a debt for services or equipment allegedly originally owed by Plaintiff to DirecTV (debt).

11. Plaintiff asserts she does not owe the underlying debt, and never did, as DirecTV's service technician took the cable box in question back to DirecTV when it installed the new cable box over a year earlier.

12. Sometime prior to May 12, 2020, the debt was sold or otherwise transferred to Defendant for collection, when thereafter Ms. Brackett received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

13. Ms. Brackett sent Defendant a dispute letter on May 28, 2020 explaining she did not owe the debt. See Exhibit 1.

14. Defendant's employee, Brian Erazmus, signed for the receipt of Ms. Brackett's May 28, 2020 dispute letter on June 3, 2020. See Exhibit 2.

15. Upon information and belief, Defendant did not review any of the records of the originator of this debt upon receiving Ms. Brackett's May 28, 2020 dispute letter, and instead decided to simply continue in its collection efforts. Defendant harassed Ms. Brackett by making telephone calls to her home telephone number in an attempt to collect the debt.

16. Defendant also harassed Ms. Brackett by sending prerecorded, repetitive text messages to her cellular telephone number in an attempt to collect the debt.

17. Defendant also sent collection emails to Ms. Brackett.

18. In the course of attempting to collect a debt, Defendant communicated with Ms. Brackett on multiple occasions in a fashion that violated multiple provisions of the FDCPA, as described below.

[ 3 ]

Case 3:20-cv-00500-CEA-DCP   Document 1   Filed 11/20/20   Page 3 of 15   PageID #: 3

## Collection Calls

19. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

20. As previously explained, Ms. Brackett does not owe the alleged underlying debt.

21. Ms. Brackett never gave express consent for Defendant to call/text her cellular telephone number.

22. Nevertheless, Defendant has sent multiple automated text messages to Plaintiff.

23. Over the past year Defendant repeatedly and willfully contacted Plaintiff in an effort to collect a debt. These were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. On May 12, 2020 Ms. Brackett received an email message from Defendant demanding payment of $140.91 on her DirecTV account number ending in 3817. See Exhibit 3.

25. On May 16, 2020 Ms. Brackett received the following text message from 8555983485:

> Please contact MRS Assoc. regarding a DIRECTV matter at (833)390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector. You can continue to opt into these messages by typing yes or doing nothing. If you want to opt out of future text messages reply with STOP. x:(yWc0M

See Exhibit 4.

26. On May 21, 2020 Ms. Brackett received the following text message from 8562632387: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." See Exhibit 5.

27. Ms. Brackett sent Defendant a dispute letter on May 28, 2020 explaining she did not

[ 4 ]

owe the debt. See Exhibit 1.

28. On May 29, 2020, Ms. Brackett received the following text message from 8562632384: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

29. Defendant's employee, Brian Erazmus, signed for the receipt of Ms. Brackett's May 28, 2020 dispute letter on June 3, 2020. See Exhibit 2.

30. On June 3, 2020, Ms. Brackett received the following text message from 8562632382: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

31. On July 23, 2020, Ms. Brackett received the following text message from 8562054562: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

32. On August 3, 2020, Ms. Brackett received the following text message from 8562632382: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

33. On August 11, 2020, Ms. Brackett received the following text message from 8562194097: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

34. On August 27, 2020 at 11:08 A.M., Defendant again sent Ms. Brackett the exact same text message: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

35. On August 27, 2020 at 11:16 A.M., Ms. Brackett received the following text message from 8562632387: "Please contact MRS Assoc. regarding a DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

36. On September 1, 2020 at 1:41 P.M., Ms. Brackett received the following text message from 5865018835: "Please contact MRS Assoc. regarding a ATT-DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

37. On September 6, 2020 at 4:22 P.M., Ms. Brackett received the following text message from 8562216903: "Please contact MRS Assoc. regarding a ATT-DIRECTV matter at (833) 390-0110. This is an attempt to collect a debt and any information obtained will be used for that purpose. MRS is a debt collector." Exhibit 7.

38. Upon information and belief, Ms. Brackett asserts the above text messages were all originated by Defendant.

39. Even after being informed that she did not owe any money to DIRECTV, Defendant still sent many messages to Plaintiff.

40. Plaintiff spoke with Defendant's representative, Rachelle Maloney, on September 9, 2020. Plaintiff again explained that she had returned all equipment and did not owe the debt.

41. Plaintiff believes she may have received more calls/texts from Defendant over the

past year than are listed here, and she is awaiting receipt of call logs from her telephone service provider to verify this.

42. Plaintiff is also informed, and therefore asserts, that the above telephone numbers are telephone numbers of Defendant, or were active telephone numbers utilized by the Defendant when the calls were made.

43. If Defendant had reviewed the records of the original creditor prior to initiating its collection efforts against Ms. Brackett, they would have seen that Ms. Brackett did not owe the alleged debt.

44. As previously stated, upon information and belief, Defendant did not review any of the records of the originator of this debt prior to initiating its collection efforts.

## CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

45. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. By communicating to Ms. Brackett that she owed a debt she never actually owed, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

47. Defendant sent Ms. Brackett collection emails and texts after she had disputed, and appeared to have resolved the alleged debt, with DIRECTV. See attached Exhibit 1.

48. Defendant ignored and never responded to Ms. Brackett's May 28, 2020 dispute letter explaining that "Any equipment I ever received from DirecTV was returned to them." See Exhibit 1.

49. Defendant's employee, Brian Erazmus, signed for the receipt of Ms. Brackett's May 28, 2020 dispute letter on June 3, 2020. See Exhibit 2.

50. Despite her dispute and explanation as to why she did not owe the alleged debt, Defendant continued its collection efforts.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE REPRESENTATIONS OF THE CHARACTER, AMOUNT, OR LEGAL STATUS OF ANY DEBT

51. Defendant violated 15 U.S.C. §1692e(2): The false representation of—(A) the character, amount, or legal status of any debt.

52. As explained above, Ms. Brackett never owed DirecTV as their own service technician had taken back the box over a year earlier.

53. DirecTV's own invoices to Ms. Brackett in the year subsequent to the return of the box never sought her return of, or payment for, the box, as they knew, or should have known, it had been returned. See Exhibit 6.

54. Defendant had a duty to verify the accuracy of the information relayed to it by DirecTV after Ms. Brackett disputed the debt directly with Defendant.

55. Instead of verifying the information, Defendant continued its collection efforts, repeatedly demanding an amount that was never owed.

56. Defendant attempted to collect the debt by intentionally using false, deceptive and misleading information.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: USE OF ANY FALSE REPRESENTATION OR DECEPTIVE MEANS IN ATTEMPT TO COLLECT A DEBT

57. Defendant violated 15 U.S.C. §1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

[ 8 ]

Case 3:20-cv-00500-CEA-DCP   Document 1   Filed 11/20/20   Page 8 of 15   PageID #: 8

consumer.

58. As explained throughout this Complaint, Defendant made numerous attempts to collect a debt while utilizing false representations about the status of the debt.

59. Defendant also utilized deceptive means to collect the debt, claiming to have authority to demand amounts that were never owed.

**FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: USE OF UNFAIR OR UNCONSCIONABLE MEANS IN ATTEMPT TO COLLECT A DEBT**

60. Defendant violated 15 U.S.C. §1692f – A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

61. Defendant utilized unfair means to collect the debt when it claimed to be acting under the authority of DirecTV and its information had been appropriately supplied by them.

62. Defendant utilized unconscionable means to collect the debt when it unleashed its ATDS upon Ms. Brackett, causing her cell phone to receive repeated texts regarding a debt she never owed.

**FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES**

63. Defendant violated 15 U.S.C. §1692f(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Ms. Brackett never owed this debt.

65. Defendant attempted, on numerous occasions, to coerce Ms. Brackett into paying a debt that was not owed, and therefore its collection was not authorized by any agreement or law.

[ 9 ]

66. Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the FDCPA failed.

## SIXTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

67. Violations by Defendant of the FDCPA also include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

68. In spite of Plaintiff's disputes Defendant continued to call/text her repeatedly.

69. The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

70. The collection attempts by the Defendant in its various text messages and telephone calls are attempts to harass, oppress or otherwise abuse Plaintiff into payment of a debt that she never owed.

## EIGHTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: CAUSING PHONE TO RING REPEATEDLY

71. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: Causing Plaintiff's phone to ring repeatedly or continuously with intent to harass, annoy or abuse her, which is a violation of 15 U.S.C. §1692d(5).

72. Plaintiff has received numerous calls/texts from Defendant's representatives in the past year. She tried to stop the calls, but they continued.

73. Plaintiff believes she received more calls/texts from Defendant over the past year than are listed here, and she is awaiting receipt of call logs from her telephone service provider to

[10]

Case 3:20-cv-00500-CEA-DCP   Document 1   Filed 11/20/20   Page 10 of 15   PageID #: 10

verify this.

74. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

75. These repeated autodialed collection calls/texts were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692e(14), and 1692f, amongst others.

## COUNT II: INVASION OF PRIVACY

76. Defendant violated Plaintiff's right to privacy and right to solitude.

77. Plaintiff asserts the Defendant has invaded her privacy by committing an unreasonable intrusion upon her seclusion.

78. Defendant violated Plaintiff's right to privacy and committed an intrusion upon her seclusion when it repeatedly called/texted her telephone number without ever obtaining consent to call said number.

79. Information about a plaintiff need not be published to establish a claim for invasion of privacy based on an unreasonable intrusion upon the plaintiff's seclusion. The Restatement (Second) of Torts § 652B (1977).

80. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of**

### **individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

81. Defendant's gross and careless conduct unlawfully invaded Plaintiff's personal privacy and caused Plaintiff to suffer actual damages.

82. Defendant's conduct was intentional and/or reckless and Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact.

83. Plaintiff did not owe this debt, and therefore Defendant's attempts to collect this debt from her were false and deceptive practices and threats to take action which they were not legally entitled to take.

84. Defendant's repeated attempts to collect this debt from Plaintiff, a person who did not owe the debt, were an invasion of Plaintiff's privacy and her right to be left alone.

85. Defendant's abusive collection communications, as more fully described above, were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

86. Plaintiff has suffered actual damages as a result of Defendant's outrageous conduct in the form of anger, anxiety, emotional distress, fear, frustration, and upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of her personal privacy.

87. Defendant has acted outrageously, including, but not limited to, continuing to harass Plaintiff when it knew, or should have known, that she did not owe the debt.

88. The conduct of Defendant and its agents, in engaging in the above-described collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

89. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT IV: VIOLATIONS OF THE TCPA

90. The TCPA forbids a party from initiating calls to any cellular telephone using an automated telephone dialing system without the prior express consent of the called party, unless the call is made solely to collect a debt owed to or guaranteed by the United States. *See* 47 U.S.C. § 227(b)(1)(A).

91. As explained in detail above, Defendant initiated telephone calls/texts to Plaintiff's cellular telephone line using an automatic telephone dialing system and sent prerecorded text messages to Ms. Brackett without her prior express consent to do so.

92. These messages were not made pursuant to the collection of a debt owed to or guaranteed by the United States.

93. Defendant violated the TCPA on at least ten occasions when communicating with Plaintiff and Plaintiff is entitled to damages for said violations.

## TRIAL BY JURY

94. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in favor of the Plaintiff as follows:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

[13]

b) That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That Plaintiff be awarded actual and punitive damages for Defendant's intentional and willful invasion of the Plaintiff's right to privacy;

e) That Plaintiff be awarded actual damages for Defendant's intentional infliction of emotional distress;

f) That Plaintiff be awarded statutory damages of $500.00 per call for each negligent violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. §227(b)(3)(B);

g) That Plaintiff be awarded statutory damages of $1,500.00 per call for each call found to be a willful or knowing violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. §227(b)(3); and

h) That the Court grants such further and additional relief as is just in the circumstances.

Respectfully submitted this the 19th day of November, 2020.

/s/ Brent Snyder
Brent Snyder, Esq. BPR # 021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
brentsnyder77@gmail.com

/s/ Justin A. Brackett
Justin A. Brackett, Esq. BPR #024326

[14]

Attorney for Plaintiff
565 Ball Play Road
Madisonville, TN 37354
(865) 228-7764
justinbrackettlaw@gmail.com

[15]