UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NANCY BRACKETT,          Case No.: 3:20-cv-00500-CEA

    Plaintiff,

v.

MRS BPO, LLC d/b/a MRS ASSOCIATES, INC.,

    Defendant.

## ANSWER OF DEFENDANT MRS BPO LLC d/b/a MRS ASSOCIATES, INC.

Defendant MRS BPO, LLC d/b/a MRS Associates, Inc., as and for its Answer and affirmative defenses to the Complaint of Plaintiff Nancy Brackett in the above-entitled matter, states and alleges as follows:

### INTRODUCTION

1. In response to paragraph 1 of the Complaint, MRS admits that Plaintiff brings this action as alleged, but MRS denies that it violated any law.

### JURISDICTION

2. In response to paragraph 2 of the Complaint, MRS admits that Plaintiff asserts that jurisdiction arises under the referenced statute, but MRS denies that it

violated any law that would subject it to such jurisdiction.  MRS further denies that Plaintiff has standing.

3. MRS denies the allegations set forth in paragraph 3 of the Complaint.

4. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 4 of the Complaint, except MRS admits that it has attempted to collect debts from individuals located in Tennessee.

## PARTIES

5. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, MRS admits that it is a for-profit business and has an office located at the stated address.  MRS lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 6 of the Complaint.

7. MRS admits the allegations set forth in paragraph 7 of the Complaint.

8. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the Complaint.

## ALLEGED FACTS

9. In response to paragraph 9 of the Complaint, MRS admits that it uses the mails and/or the telephone in the business of collecting debts.  MRS lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, MRS admits that was attempting to collect a debt from Plaintiff on behalf of DirecTV. MRS lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9 of the Complaint.

11. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, MRS admits that Plaintiff's account was placed with MRS for collection on or before May 12, 2020 and that MRS sent a communication to Plaintiff regarding the debt on May 12, 2020.

13. In response to paragraph 13 of the Complaint, MRS admits that it processed the letter attached as Exhibit 1 on June 4, 2020. MRS lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 13 of the Complaint.

14. MRS admits the allegations set forth in paragraph 14 of the Complaint.

15. MRS denies the allegations set forth in paragraph 15 of the Complaint.

16. MRS denies the allegations set forth in paragraph 16 of the Complaint., except MRS admits that it sent text messages to Plaintiff.

17. In response to paragraph 17 of the Complaint, MRS admits that it sent an email to Plaintiff in connection with the collection of a debt. MRS denies any remaining allegations in paragraph 17 of the Complaint.

18. MRS denies the allegations set forth in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, MRS admits that Plaintiff purports to summarize the FDCPA.

20. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, MRS admits that it sent text messages to Plaintiff and denies the remaining allegations.

23. In response to paragraph 23 of the Complaint, MRS admits that contacted Plaintiff in an attempt collect a debt. MRS lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 23 of the Complaint.

24. MRS admits the allegations set forth in paragraph 24 of the Complaint.

25. MRS admits the allegations set forth in paragraph 25 of the Complaint.

26. MRS admits the allegations set forth in paragraph 26 of the Complaint.

6721390v3

27. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 27 of the Complaint.

28. MRS admits the allegations set forth in paragraph 28 of the Complaint.

29. MRS admits the allegations set forth in paragraph 29 of the Complaint. MRS further states that it processed the letter attached as Exhibit 1 on June 4, 2020.

30. In response to paragraph 30 of the Complaint, MRS admits that it sent the referenced text message. MRS denies that it violated the law.

31. In response to paragraph 31 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

32. In response to paragraph 32 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

33. In response to paragraph 33 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

34. In response to paragraph 34 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

35. MRS denies the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

37. In response to paragraph 37 of the Complaint, MRS admits that it sent the referenced text message, while denying that doing so violated any law.

6721390v3

38. MRS admits the allegations set forth in paragraph 38 of the Complaint, except that it denies that it sent the text message to Plaintiff described in paragraph 35 of the Complaint.

39. In response to paragraph 39 of the Complaint, MRS admits that it attempted to collect a debt from Plaintiff after June 4, 2020. MRS denies that it violated the law.

40. In response to paragraph 40 of the Complaint, MRS admits that Plaintiff spoke to its representative on September 9, 2020, and that Plaintiff asserted that she did not owe the debt for the same reasons described in the June letter.

41. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 41 of the Complaint.

42. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 42 of the Complaint. MRS admits that it sent messages to Plaintiff using its phone number.

43. MRS denies the allegations set forth in paragraph 43 of the Complaint.

44. MRS denies the allegations set forth in paragraph 44 of the Complaint.

## COUNT I

45. MRS denies the allegations set forth in paragraph 45 of the Complaint.

46. MRS denies the allegations set forth in paragraph 46 of the Complaint.

6721390v3

47. In response to paragraph 47 of the Complaint, MRS admits that it attempted to collect a debt from Plaintiff after Plaintiff notified MRS that she disputed the debt and denies that it attempted to collect a debt from Plaintiff after Plaintiff "appeared to have resolved" the debt.

48. MRS denies the allegations set forth in paragraph 48 of the Complaint.

49. MRS admits the allegations set forth in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, MRS admits that it attempted to collect a debt from Plaintiff after Plaintiff notified MRS that she disputed the debt. MRs denies that it violated the law.

51. MRS denies the allegations set forth in paragraph 51 of the Complaint.

52. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 52 of the Complaint.

53. MRS denies the allegations set forth in paragraph 53 of the Complaint. MRS further denies that paragraph 53 accurately represents Exhibit 6 attached to Plaintiff's Complaint. Exhibit 6 attached to Plaintiff's Complaint does not show, or even suggest, that any equipment was returned to DirectTV. If anything, it suggests that equipment had yet to be returned, as it states that instructions for returning equipment would be sent to Plaintiff 2-4 days later.

54. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 54 of the Complaint. MRS denies any suggesting that it did

7

not verify the accuracy of the information DirectTV provided to it with respect to Plaintiff' account.

55. MRS denies the allegations set forth in paragraph 55 of the Complaint.

56. MRS denies the allegations set forth in paragraph 56 of the Complaint.

57. MRS denies the allegations set forth in paragraph 57 of the Complaint

58. MRS denies the allegations set forth in paragraph 58 of the Complaint.

59. MRS denies the allegations set forth in paragraph 59 of the Complaint.

60. MRS denies the allegations set forth in paragraph 60 of the Complaint.

61. MRS denies the allegations set forth in paragraph 61 of the Complaint.

62. MRS denies the allegations set forth in paragraph 62 of the Complaint.

63. MRS denies the allegations set forth in paragraph 63 of the Complaint.

64. MRS denies the allegations set forth in paragraph 64 of the Complaint.

65. MRS denies the allegations set forth in paragraph 65 of the Complaint.

66. MRS denies the allegations set forth in paragraph 66 of the Complaint.

67. MRS denies the allegations set forth in paragraph 67 of the Complaint.

68. In response to paragraph 68 of the Complaint, MRS admits that it attempted to collect the debt after Plaintiff disputed and MRS verified the debt. MRS denies that it violated the law.

69. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 69 of the Complaint.

70. MRS denies the allegations set forth in paragraph 70 of the Complaint.

71. MRS denies the allegations set forth in paragraph 71 of the Complaint.

72. MRS denies the allegations set forth in paragraph 72 of the Complaint.

73. MRS lacks sufficient information or knowledge to admit or deny the allegations in paragraph 73 of the Complaint.

74. MRS denies the allegations set forth in paragraph 74 of the Complaint.

75. MRS denies the allegations set forth in paragraph 75 of the Complaint.

## COUNT II

76. MRS denies the allegations set forth in paragraph 76 of the Complaint.

77. MRS denies the allegations set forth in paragraph 77 of the Complaint.

78. MRS denies the allegations set forth in paragraph 78 of the Complaint.

79. MRS denies the allegations set forth in paragraph 79 of the Complaint.

80. In response to paragraph 80 of the Complaint, MRS admits that Plaintiff purports to summarize the FDCPA. MRS denies the remaining allegations set forth in paragraph 80 of the Complaint.

81. MRS denies the allegations set forth in paragraph 81 of the Complaint.

82. MRS denies the allegations set forth in paragraph 82 of the Complaint.

83. MRS denies the allegations set forth in paragraph 83 of the Complaint.

84. MRS denies the allegations set forth in paragraph 84 of the Complaint.

85. MRS denies the allegations set forth in paragraph 85 of the Complaint.

6721390v3

86. MRS denies the allegations set forth in paragraph 86 of the Complaint.

87. MRS denies the allegations set forth in paragraph 87 of the Complaint.

88. MRS denies the allegations set forth in paragraph 88 of the Complaint.

89. MRS denies the allegations set forth in paragraph 89 of the Complaint.

COUNT "IV"[1]

90. In response to paragraph 90 of the Complaint, MRS admits that Plaintiff purports to summarize the TCPA.

91. MRS denies the allegations set forth in paragraph 91 of the Complaint.

92. MRS admits the allegations set forth in paragraph 92 of the Complaint.

93. MRS denies the allegations set forth in paragraph 93 of the Complaint.

TRIAL BY JURY

94. In response to Plaintiff's demand for jury trial, MRS denies that Plaintiff is entitled to a jury trial as MRS has not violated any law.

PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, MRS states that Plaintiff is not entitled to the requested relief as there has been no violation of law.

**<u>AFFIRMATIVE DEFENSES</u>**

As and for its affirmative defenses, MRS states and alleges as follows:

---

[1] The Complaint does not contain a COUNT III

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

Any violation of law, which MRS denies, was the result of a bona fide error, notwithstanding the maintenance of procedures in place to avoid such errors. Specifically, any violation of the law, which MRS denies, was unintentional and MRS has policies and procedures reasonably adapted to prevent violations of the law, including those designed to prevent communications following the receipt of written disputes from a consumer, prior to verifying the debt or providing the name and address of the original creditor. These policies are reasonably adapted to avoiding the violations of law Plaintiff purports to allege in the Complaint.

## THIRD DEFENSE

Plaintiff's claims may be within the scope of an arbitration provision, requiring Plaintiff to pursue her claims against MRS in an arbitration forum.

## FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

## FIFTH DEFENSE

Any violation of the law, which MRS denies, was not material.

6721390v3

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability MRS.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

## EIGHTH DEFENSE

To the extent statutory damages under the TCPA call for damages that substantially exceed the actual damages sustained by Plaintiff, such damages constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## NINTH DEFENSE

Plaintiff's TCPA claim will be barred, in whole or in part, as a result of an inability to demonstrate that the alleged calls or were placed using an automatic telephone dialing system and/or without prior express consent.

WHEREFORE, MRS prays for an order and judgment of the Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits;

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated: January 12, 2021          /s/ Sarah E. Doerr
Sarah E. Doerr (MN #338679)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5297
Fax: (612) 877-5024
Sarah.Doerr@lawmoss.com
*Attorneys for Defendant MRS BPO, LLC d/b/a MRS Associates, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic case filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic case filing system.

/s/Sarah E. Doerr
Attorneys for Defendant
