# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| NANCY BRACKETT, ) | |
| ) | Case No. 3:20-cv-500 |
| Plaintiff, ) | |
| ) | District Judge Atchley |
| ) | |
| v. ) | Magistrate Judge Poplin |
| ) | |
| MRS BPO, LLC D/B/A MRS ASSOCIATES, INC. ) | |
| ) | |
| Defendant. ) | |

## RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiff Nancy Brackett and Defendant MRS BPO LLC d/b/a MRS ASSOCIATES, INC. (collectively, the "Parties"), by and through their respective counsel, submit this Federal Rules of Civil Procedure ("FRCP") Rule 26(f) Conference Report and Discovery Plan:

1. The following persons participated in an FRCP Rule 26(f) conference on January 28, 2021, by telephone:

Brent Snyder and Justin A. Brackett for Plaintiff Nancy Brackett.

Sarah Doerr and Bradley Armstrong for Defendant MRS BPO LLC d/b/a MRS ASSOCIATES, INC.

2. **Initial Disclosures.** Pursuant to FRCP Rule 26(a)(1) and agreement of the Parties, the Parties will exchange their initial disclosures by February 11, 2021.

3. **Discovery Plan.** The Parties jointly propose to the Court the following discovery plan:

a. The Parties expect all discovery, including depositions, to be commenced in sufficient time to be completed by October 31, 2021.

b. The Parties do not anticipate any changes in the limitations on discovery imposed by the FRCP.

c. At this time, the Parties have not yet determined whether expert witnesses will be needed. If a party does determine expert witnesses are needed, reports and disclosures from such experts shall be made in accordance with FRCP Rule 26(a)(2).

d. Subject to the Parties' reservation of any and all objections, the Plaintiff believes that discovery may be needed on the following subjects:

i. Communications between the parties and/or any other person made in connection to the alleged debt including any and all correspondence, telephone communications, etc. This includes but is not limited to: records of all inbound or outbound telephone calls, to or from Plaintiff, including local and long distance records from third-party local and long distance providers; records of all communications with any credit reporting agency; records of all inbound or outbound United States mail, to or from Plaintiff; and records of all other inbound or outbound communications of whatever kind, to or from Plaintiff;

ii. The process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to Defendant for collection, and all documents and/or data relevant to, related to, or reflecting such referral, placement or assignment;

iii. All documents which are related to or contain information about the debt being collected from Plaintiff and/or which either party claims are relevant to this lawsuit, including but not limited to: interest and/or fees assessed by Defendant, payments made by Plaintiff, and information as to how those fees and payments were applied;

iv. Any violations of the FDCPA for which Defendant is claiming the "bona fide error" defense under 15 U.S.C. § 1692k(c) and any and all information, including but not limited to documents supporting such defense.

v. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant to collect debts, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

vi. All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the FRCP.

vii. Other matters relevant to the claims or defenses.

e. Defendant expects to engage in discovery related to Plaintiff's ability to establish the essential elements of her claims, Defendant's affirmative defenses, and Plaintiff's alleged damages and attorneys' fees.

f. The Parties propose the following as to e-discovery:

i. The Parties may be requested to disclose or produce substantial information from electronic or computer-based media, but the Parties believe that disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business.

ii. The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable or the Parties must translate it into a reasonably accessible and usable form. The parties expect that they will be able to produce electronic information in hard-copy (PDF) format, or another agreed upon format.

3

iii. Reasonable measures should be taken by the Parties to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

iv. There are no other problems that the Parties anticipate may arise in connection with electronic or computer-based discovery.

g. Claims of privilege or protection:

The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502. As a result of those discussions, the parties **do** request the Court to include the following agreements in the scheduling order:

i. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

4. **Dispositive Motions**. All dispositive motions should be filed by January 14, 2022.

5. **Settlement**: At this point in the case, it is too early to determine whether settlement is likely; however, the parties agree to hold open the option of mediation of this matter.

6. **Other Matters**. The Parties have discussed alternative dispute resolution options, including without limitation, the option of participation in the court's mediation program. The Parties are prepared to consider this matter further and discuss settlement options at the Scheduling Conference.

7. **Trial**. The Parties anticipate that trial of this case may take two (2) to three (3) days,

including selection of the jury.

8. **Jurisdiction by Magistrate**: Parties do not consent to the exercise of a magistrate judge.

Respectfully submitted this the 1st day of February, 2021.

Attorneys for Plaintiff
Nancy Brackett

/s/ Brent Snyder
Brent Snyder, BPR # 021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
brentsnyder77@gmail.com

/s/ Justin A. Brackett
Justin A. Brackett, #9954
515 Ward Avenue
Honolulu, Hawai'i 96814
Telephone:     (808) 377-6778
Email: justinbrackettlaw@gmail.com


Attorneys for MRS BPO LLC d/b/a MRS ASSOCIATES, INC.

/s/Sarah E. Doerr
Sarah E. Doerr (MN #338679)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5297
Fax: (612) 877-5024
Sarah.Doerr@lawmoss.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of February, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic case filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic case filing system.

                                /s/ Brent Snyder
                                Brent Snyder
                                Attorney for Plaintiff